UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES VALENTINE,

   Petitioner,

v.                                                 Case No. 3:21cv876-LC-HTC

M. V. JOSEPH WARDEN,

   Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, James Valentine, initiated this matter by filing a petition under 28 U.S.C. § 2241, seeking immediate release from federal custody through application of earned time credits under the First Step Act. ECF Doc. 1. Petitioner was sentenced on August 29, 2006, in case number 3:03-cr-134-001/RV. *Id.* at 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the undersigned respectfully recommends the petition be dismissed because it is clear from the face of the petition that Petitioner has not exhausted his administrative remedies.

The Federal Bureau of Prisons ("BOP") has a multi-step administrative remedy procedure that allows an inmate to seek review of a grievance related to any aspect of his imprisonment. 28 C.F.R. § 542.10 *et seq.* Under the BOP procedures, "an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy (RAR)." 28 C.F.R. § 542.13. The inmate has twenty (20) days from the event that he complains of to file a RAR to begin the formal administrative remedy procedure. "If the inmate is dissatisfied with the warden's response, he may then appeal (a BP-10) to the Regional Director within 20 calendar days from the date of that response. Finally, if the inmate is dissatisfied with the Regional Director's response, he may appeal (a BP -11) to the General Counsel within 30 days of that response." *Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (quotation marks omitted) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)).

Once a RAR is filed, the Warden shall respond within twenty (20) calendar days. When an appeal is filed, response by the Regional Director must be within thirty (30) calendar days and by the General Counsel within forty (40) calendar days. 28 C.F.R. § 542.18. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended

Case No. 3:21cv876-LC-HTC

once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. *Id.*

Based on the petition, Petitioner has not exhausted the BOP's administrative procedures. On April 14, 2021, Petitioner filed a BP-8 addressing the application of his earned time credit, which was denied on April 19, 2021. ECF Doc. 1 at 2. On April 26, 2021, Petitioner filed a RAR, which was denied on May 25, 2021. *Id.* at 3. On June 13, 2021, Petitioner filed an appeal to the Regional Office, which he also states in the petition as still "pending a response". *Id.* at 4. Indeed, when Petitioner filed this action on June 28, 2021, the time for the Regional Director to respond had not yet expired. *See* 28 C.F.R. § 542.18. Because the Regional Director had not yet responded and Petitioner had not exhausted his ability to file an appeal to the General Counsel of the Regional Director's decision, Petitioner had not exhausted his administrative remedies when he filed suit.

Although exhaustion is not a jurisdictional prerequisite to suit, it is still a requirement. *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam), *abrogated by Santiago–Lugo*, 785 F.3d at 471, 474–75, 474 n.5. "[T]he exhaustion requirement applies to the computation of sentence credit awards," such as at issue here. *Barron v. Adduci*, No. 7:15cv1258/AKK-TMP, 2016 WL 3958729 at *1 (N.D. Ala. June 14, 2016) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (a claim asking the court to grant credit for time-served can be

brought under Section 2241 only after a petitioner has exhausted administrative remedies)). Additionally, this Court has considered and rejected the argument that exhaustion is futile in cases dealing with the BOP's application of earned time credit. *See e.g., Herring v. Inch*, 420cv249TKW/HTC, ECF Doc. 6 (report and recommendation) (citing collection of cases in this circuit recommending dismissal for failure to exhaust), ECF Doc. 11 (adopting order, over objection); *Fleming v. Joseph*, 320cv5990LC/HTC, ECF Doc. 18 (report and recommendation), ECF Doc. 20 (adopting order).

Thus, this federal petition should be dismissed based on Petitioner's failure to exhaust his administrative remedies. *See e.g., Martin v. Zenk*, 244 Fed.Appx. 974 (11th Cir. 2007) (§ 2241 petition challenging denial of inmate's request to be transferred to RDAP dismissed to due failure to appeal denial of administrative request to Central Office); *Keys v. Dep't of Justice*, 136 Fed.Appx. 313 (11th Cir. 2005) (§ 2241 petition dismissed where inmate failed to exhaust claim regarding good time credit). A court does not err by *sua sponte* dismissing a habeas case as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing a plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond") (quotation marks omitted).

Case No. 3:21cv876-LC-HTC

This Report and Recommendation provides Petitioner an opportunity to file objections and, thus, affords Petitioner both notice and a reasonable opportunity to respond. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 655 (11th Cir. 2020) (petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely") (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue")). Additionally, the undersigned will also direct the clerk to provide the United States Attorney for this District and the Warden a copy of the petition and this Report and Recommendation so the Warden will also have an opportunity to respond to the Report and Recommendation, if he wishes to do so. *See Paez*, 947 F.3d at 649.

Accordingly, it is ORDERED:

1.     The clerk shall serve a copy of the petition (ECF Doc. 1) and this Order and Report and Recommendation to the Respondent, by providing a copy of same to the United States Attorney for this District and the Warden. Despite such service of the petition, under Rule 4 of the Rules Governing § 2254 Cases and because the

recommendation is that the petition be dismissed, the Warden may, but does not have to, file an answer, motion, or other response.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2241 be dismissed for failure to exhaust administrative remedies.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 21st day of July, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**